# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00304 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN JEFFEREY KISER, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a pleading that he styles as a "federal petition for habeas corpus on conditions of confinement." Compl. 1, ECF No. 1. The petition names numerous Virginia Department of Corrections ("VDOC") officials as respondents and complains that they have violated Springer's constitutional rights by failing to place him in "protective custody housing." *Id.* at 3. For reasons explained herein, I construed the submission as a civil rights action under 42 U.S.C. § 1983 and directed the clerk's office to docket it as such. Springer has not prepaid the necessary filing fee to proceed with a civil rights action. Therefore, I also construe his submission as seeking to proceed in forma pauperis status. After review of his pleadings, I conclude that he does not qualify to do so, in light of his current allegations and his

prior frivolous filings in this court.  *See* 28 U.S.C. § 1915(g).  Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

## I.

Springer frames his submission as a habeas corpus petition under § 2254, based on past state court proceedings.  According to state court records, in October 2009, Springer pleaded nolo contendere in Buchanan County Circuit Court to assault and battery of a law enforcement official in Case No. CR09000503-00.  The court sentenced him to three years and seven months in prison, to run consecutively to another sentence he is serving.  Springer claims that pursuant to a Plea Agreement in this case, the Sentencing Order directed that Springer would be placed in "protective custody."  Springer Aff. 1, ECF No. 1-1.

> When the original court order took [e]ffect on November 18, 2009 it was clear from [discussion with counsel and the court] that [Springer] at that time was not eligible to be placed immediately in protetctive custody housing due to the fact that under Virginia law in conjunction with [VDOC] Operating Procedures [he] would face approximately the next two years in administrative segregation for being found guilty in a [VDOC] disciplinary hearing for assault/battery of a staff member.  [Springer] had to show stable adjustment by not commiting any serious offenses that would keep his status level at (5) and at the appropriate time during annual reviews [he] would be afforded the right of a due process hearing on protective custody housing.

*Id.* at 1-2.  Springer remains in administrative segregation, allegedly because VDOC officials did not follow VDOC procedures to provide him a timely due process hearing on protective custody.  *Id.* at 2.

The remainder of Springer's submissions allege numerous incidents of wrongdoing by officials at Red Onion State Prison ("Red Onion"). He claims the officials have violated VDOC classification policies in numerous respects by denying him certain classification hearings and other procedural protections; have prevented him from exhausting administrative remedies; have filed disciplinary charges against him in retaliation for his efforts to enter protective custody; and taken together, these actions have prevented him from earning good conduct time. Springer asserts that in segregation, with little human contact and no recreation, he has had to "constantly upgrade and downgrade various psychotropic mental health medications through the prison psychiatrist to maintain some type of functional stability." Compl. 9, ECF No. 1. He contends that the sentencing court never contemplated that his sentence would include the additional punishment of long-term segregation.

As relief in this action, Springer seeks an order from this court directing that VDOC officials comply with the circuit court's order and place Springer in protective custody. Springer states that such relief would not be burdensome for prison officials, because the protective custody unit is located at Red Onion.

## II.

As an initial matter, Springer cannot proceed with his present claim under § 2254. He admits that he has not presented this claim to any state court as

required under 28 U.S.C. § 2254(b) before this court could grant the relief he seeks, and he has not stated any viable excuse for his failure to do so. If he returned to state court now with the claim, it would likely be dismissed on procedural grounds, since Springer failed to present it to the state court within one year of learning the facts in support of the claim. *See* Va. Code Ann. § 8.01-654(A)(2) ("A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues."). Moreover, the federal petition is untimely, because he failed to submit it within the one-year filing period mandated under 28 U.S.C. § 2244(d)(1)(D), based on when he first knew the necessary facts. Even if Springer could clear these substantial procedural hurdles, his claims are not cognizable in habeas.

A district court is authorized to entertain petitions for habeas corpus relief for persons who demonstrate that they are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

> "It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus" while challenges to the conditions of one's confinement are properly brought as civil rights actions. *See Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (citing *Pr[e]iser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a challenge to the length of "actual confinement in prison" must be brought as a habeas corpus action)); *Todd v. Baskerville*, 712 F.2d 70, 72 (4th Cir. 1983). [If a] petition

challenges the conditions of [the petitioner's] confinement rather than the fact or length of his confinement, it cannot proceed as a habeas corpus action.

*Robinson v. Creasey*, No. 5:07-CV-00347, 2009 WL 1073642, at *8 (S.D.W. Va. Apr. 21, 2009) (citation omitted).

Springer expressly states that he does not challenge the validity of the Plea Agreement, his plea, or the sentence imposed for the conviction. Moreover, Springer's submission does not state facts showing that any of the alleged actions or omissions by prison officials have affected the lawfulness of his detention or the length of his confinement in any respect. Rather, he contends that his continued detention in administrative segregation conditions was not contemplated under the state court's 2009 Sentencing Order. At its core, Springer's claim states his preference for the type of restraint and privileges available to him in one housing unit over another. Such a claim falls outside the habeas realm. I cannot find that the alleged language on the state court's order transforms Springer's complaints about the conditions of his confinement into a habeas corpus claim, and none of the cases he cites persuades me otherwise. Rather, Springer's allegations reflect that all parties to the state court proceedings understood VDOC procedures as granting prison officials the discretion to determine whether and when Springer's behavior warranted a move from administrative segregation to protective custody.

Most importantly, the form of relief Springer seeks is not available under § 2254. "If a state prisoner is . . . attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release," his cause of action falls outside the "the traditional purpose of habeas corpus." *Preiser*, 411 U.S. at 494. Springer's claims, complaining about the housing unit to which he has been assigned, rather than seeking earlier release from that confinement, are not proper habeas corpus claims under § 2254.

For the stated reasons, I conclude that Springer's claims are not properly presented in a federal habeas corpus petition. "A federal court has the inherent power to fashion appropriate relief. It is not constrained by the pleader's request for relief" under § 2254 rather than § 1983. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). Under that authority and over Springer's objections, I have construed his petition as a civil rights action under § 1983 and will address it as such.

III.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous

cases or appeals dismissed as frivolous, malicious, or for failure to state a claim —
unless the three-striker inmate shows "imminent danger of serious physical injury."
§ 1915(g).

Springer has brought such actions or appeals on three or more prior
occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. Apr. 11, 2012)
(denying application to proceed in forma pauperis on appeal under § 1915(g),
based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-01339-LO-IDD
(E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-01392-LO-TCB (E.D. Va.
Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-01445-:P-TRJ (E.D. Va. Feb.
14, 2011)). Accordingly, Springer may proceed without prepayment of the filing
fee only if he shows that he is in imminent danger of serious physical injury.
§ 1915(g).

Courts have held that the "imminent danger" exception to § 1915(g)'s "three
strikes" rule must be construed narrowly and applied only "for genuine
emergencies," where "time is pressing" and "a threat . . . is real and proximate" to
the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.
2002). I cannot find that Springer has alleged facts showing imminent danger of
physical harm related to any of his frustrations about prison officials' past
classification decisions or housing assignments. He does not state facts showing
that he faced any danger of physical harm when he filed this action. Therefore, I

cannot find that he is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g). Accordingly, I must deny Springer's application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee and the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:  August 31, 2017

/s/  James P. Jones
United States District Judge